IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2016-cv-_____

HENRIETTA RUTH KOSLEY,

      Plaintiff,

v.

WALGREEN CO. and
JOHN DOE, a Licensed Pharmacist

      Defendants.

---

## NOTICE OF REMOVAL

---

      Defendant, Walgreen Company ("Walgreen"), by its undersigned counsel, submits its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCiv.R. 81.1, as follows:

      1.    Walgreen is named as a Defendant in a civil action brought by the Plaintiff, Henrietta Ruth Kosley. Plaintiff correctly alleges in her Complaint that Walgreen is an Illinois corporation.

      2.    The other defendant Plaintiff named in her Complaint is "John Doe, a Licensed Pharmacist". It should be noted that, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, **the citizenship of defendants sued under fictitious names shall be disregarded.**" 28 U.S.C. 1441(b)(1)(2015)(emphasis added).

      3.    The state court action was filed on December 30, 2016, in El Paso County District Court in the State of Colorado (Case No. 2015CV33746). In its Complaint, Plaintiffs assert a

claim of professional liability for dispensing a prescription. The Complaint was served on January 5, 2016.

4. Plaintiff alleges that she received the incorrect medication to treat her ulcerative colitis; that her condition worsened, resulting in severe colitis requiring hospitalization; and that her colitis continues to be so severe that she cannot go out in public because of difficulty controlling her bowels. (Exhibit A, Complaint, ¶¶ 13, 14, 16, 17). Plaintiff's damages include past and future medical expenses, as well as physical and mental pain, suffering, physical impairment and impairment to quality of life. (Exhibit A, Complaint ¶¶ 39, 40).

5. Although Plaintiff's Complaint does not demand a specific sum for damages in excess of $75,000, the amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a). According to Plaintiff's pre-litigation letter, her settlement demand was in excess of $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (a plaintiff's proposed settlement amount is relevant evidence of the amount in controversy, even though its use at trial would not be permissible to establish the amount of the claim). Plaintiff's demand was $248,205.00. (Exhibit B, p. 4). Thus, the amount in controversy here exceeds the $75,000 threshold.

6. This Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. Plaintiff is a Colorado resident. Defendant is an Illinois corporation. Consequently, complete diversity of citizenship exists pursuant to 28 U.S.C. §§ 1332 and 1441. According to Plaintiff's settlement demand, the amount in controversy exceeds $75,000, which is the amount specified in 28 U.S.C § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(d), Walgreen has given written notice of the Notice of Removal to the adverse party and has filed a copy of the notice with the clerk of the El Paso County District Court in the State of Colorado.

8. Pursuant to 28 U.S.C. § 1446(a) and pursuant to D.C.Colo.LCiv.R. 81.1(b), a copy of the following process, pleadings, and orders that were served upon the Defendant are attached as Exhibit A, consisting of the Complaint; State Court Civil (CV) Case Cover Sheet; Civil Summons and; Order RE: Unopposed Motion for Enlargement of Time to Response to Plaintiff's Complaint.

9. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

Dated this 3rd day of February, 2016.

By s/ *S. Jane Mitchell*
HALL & EVANS, L.L.C.
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone: 303.628.3300
**Attorneys for Defendant Walgreen Co.**

## **CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on the 3rd day of February, 2016, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Glenn S. Pressman
MELAT, PRESSMAN & HIGBIE, LLP
711 South Tejon Street
Colorado Springs, CO   80903
gpressman@springslaw.com

                                                     *s/ Susan C. Lowery*

*[Original signatures on file at the offices of Hall & Evans, L.L.C.]*