| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Court Address: Clerk of Court<br> El Paso County<br> P.O. Box 2980<br> Colorado Springs, CO 80901 | |
| Plaintiff: HENRIETTA RUTH KOSLEY<br><br>v.<br><br>Defendants: WALGREEN CO. and JOHN DOE, A LICENSED PHARMACIST | ▲ COURT USE ONLY ▲<br><br>CASE NUMBER: 2015CV033746<br><br>DIVISION: 3<br><br>COURTROOM: S406 |
| Attorney for Plaintiff:<br><br>Glenn S. Pressman, P.C.<br>Melat, Pressman & Higbie, LLP<br>711 South Tejon Street<br>Colorado Springs, CO 80903<br>Phone: (719) 475-0304<br>Fax: (719) 475-0242<br>Attorney Registration #11585 | |
| **COMPLAINT** | |

COMES NOW the Plaintiff, Henrietta Ruth Kosley, by and through her attorneys, the Law Firm of MELAT, PRESSMAN & HIGBIE, LLP, and for her claims against the Defendants state and allege as follows:

1. Defendant, Walgreen Co. is an Illinois corporation located at 200 Wilmot Road Deerfield Hills, IL 60015, that operates Walgreens Pharmacies in Colorado. Its registered agent for service is Prentice-Hall Corp. System, Inc., 1560 Broadway, Suite 2090, Denver, CO 80202.

2. At all times pertinent hereto, Defendant Walgreen Co. was licensed by the state of Colorado as a prescription drug outlet-in-state.

3. Defendant, John Doe, is an unidentified, licensed pharmacist, employed by Defendant, Walgreens Co. at Walgreens Pharmacy, 2921 North Nevada Avenue, Colorado Springs, CO on or about January 22, 2014, who had legal responsibility to correctly fill and dispense Ms. Kosley's prescription for Prednisone.

1


EXHIBIT A

4.  At all times pertinent hereto, Plaintiff, Henrietta Ruth Kosley was a resident of Colorado who filled her prescriptions at Walgreens Pharmacy located at 2921 North Nevada, Colorado Springs, Colorado 80907.

5.  In 2012, Ms. Kosley was diagnosed with ulcerative colitis.

6.  In January 2014, Ms. Kosley suffered a flare of her ulcerative colitis.

7.  On January 22, 2014, Ms. Kosley's doctor ordered Prednisone to treat the ulcerative colitis.

8.  The prescription for Prednisone was filled at Walgreens Pharmacy and dispensed to Ms. Kosley on our about January 22, 2014.

9.  Ms. Kosley began taking the medication, that she believed was Prednisone, but her ulcerative colitis continued to worsen.

10.  On March 6, 2014, Ms. Kosley's doctor performed a colonoscopy at which time the doctor incorrectly believed that Ms. Kosley had been taking Prednisone as prescribed.

11.  In March of 2014, Ms. Kosley's family became suspicious that the medication that was dispensed to her on or about January 22, 2014 was not Prednisone.

12.  Ms. Kosley's son took the vial of medication back to Walgreens Pharmacy. A pharmacist looked at the medication and verified that it was not Prednisone, even though the vial was labeled as Prednisone.

13.  Upon information and belief, Walgreens Pharmacy had incorrectly filled Ms. Kosley's Prednisone prescription with triamterene-hydrochlorothiazide, a diuretic.

14.  As a direct and proximate result of not taking the Prednisone, as prescribed, Ms. Kosley's ulcerative colitis worsened.

15.  Ms. Kosley's doctor gave her a new prescription for Prednisone on or about March 6, 2014, but it was no longer

effective in treating the ulcerative colitis.

16. Over the next several months, Ms. Kosley's condition continued to worsen. She suffered from multiple loose stools, bleeding and weight loss. In August of 2014, Ms. Kosley was diagnosed with severe colitis and hospitalized.

17. Since the August 2014 hospitalization, Ms. Kosley has tried several types of biologics to control the ulcerative colitis with only moderate success. It is difficult for her to go out in public because she cannot control her bowels.

18. Defendant Walgreen Co. employed pharmacists and technicians to fill and dispense customers' prescriptions for medications.

19. Defendant, Walgreen Co. is vicariously liable for the negligence of its employees.

20. Upon information and belief, Walgreen Co. employees placed the wrong medication into the vial and dispensed the wrong medication to Ms. Kosley on our about January 22, 2014.

21. Upon information and belief the negligent filling and dispensing of Ms. Kosley's prescription resulted, in part, from Defendant Walgreen Co.'s failure to adequately staff the pharmacy and ensure that policies for the safety of its customers were in place and followed by its employees.

22. Upon information and belief, Walgreen Co.'s staffing procedures and policies were in place to maximize profit rather than customer safety.

23. That at all times pertinent hereto, Walgreen Co. employed John Doe, a licensed pharmacist to supervise the filling and dispensing of prescriptions.

24. A prescription drug outlet must be under the direct charge of a pharmacist manager pursuant to section 12-42.5-116 (1)(a), C.R.S. The pharmacy manager had responsibility to manage and supervise the pharmacy.

25. The pharmacist, John Doe is responsible for the final check on prescriptions filled by pharmacy technicians or interns as required by section 12-42.5-119, C.R.S.

26. An error occurred during the filling of Ms. Kosley's prescription because the wrong pills were placed in Ms. Kosley's pill vial.

27. Upon information and belief, the prescription was filled by a Walgreen Co. employee.

28. The pharmacist, John Doe, did not properly perform a final check on the prescription and allowed the wrong medication to be dispensed to Ms. Kosley.

29. Walgreen Co.'s pharmacist, John Doe, had a duty to verify that the correct prescription was filled and sign-off on the prescription pursuant to 3 CCR 719-1:3.00.50(b).

30. The Walgreen Co.'s pharmacist, John Doe, failed to perform this duty or did it in a negligent manner because the wrong pills were dispensed to Ms. Kosley.

31. Further, any drug dispensed pursuant to a prescription order must bare a label attached to the medicine container with the name of the drug dispensed pursuant to section 12-42.5-121, C.R.S. and 3CCR 719-1:3.00.30.

32. The label on the pill vial dispensed to Ms. Kosley did not properly identify the drug in the vial.

33. It is unlawful to dispense any drug without complying with the labeling, drug identification and container requirements imposed by law pursuant to section 12-42.5-126(1), C.R.S. and said unlawful conduct is negligence per se.

34. The misfilling of Plaintiff's prescription, in the manner described herein, ordinarily would not have occurred in the absence of negligence by Defendant and its employees, thereby raising a presumption of negligence under the doctrine of *res ipsa loquitur*.

35. Walgreen Co.'s pharmacist, John Doe, was negligent in that he and/or employees he supervised performed acts that reasonably careful pharmacists would not do and or failed to do acts that reasonably careful pharmacists would do.

36. Walgreen Co.'s pharmacist's action or inactions also constitute unprofessional conduct pursuant to section 12-42.5-

4

123(1) and 3CCR 719-1:1.00.11.

37. That as a direct and proximate result of Walgreen Co. pharmacist, John Doe's negligence, Plaintiff suffered the injuries and damages alleged herein.

38. That as a direct and proximate result of Defendant Walgreen Co.'s direct and vicarious negligence, Plaintiff suffered the injuries and damages alleged herein.

39. That as a direct and proximate result of Defendants' negligence, Ms. Kosley has incurred medical expenses and will continue to incur medical expenses in the future.

40. That as a direct and proximate result of Defendants' negligence, Ms. Kosley has suffered non-economic damages including physical and mental pain, suffering, physical impairment and impairment to the quality of her life.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.   For non-economic damages in an amount to be proved at trial;

B.   For economic damages in an amount to be proved at trial;

C.   For physical impairment damages in an amount to be proved at trial; and

D.   For costs and interest as provided by law.

Plaintiff requests a trial by jury of all issues.

Respectfully submitted this 3 day of December, 2015.

MELAT, PRESSMAN & HIGBIE, LLP

*Original signature on file at the*
*Office of Melat, Pressman & Higbie, LLP*

Glenn S. Pressman, P.C.
Attorney for the Plaintiff

Plaintiff's address:

Henrietta Ruth Kosley
2829 Jon Street
Colorado Springs, CO 80907

<table>
<tr><td>

District Court EL Paso County, Colorado<br>
Court Address: Clerk of Court<br>
      P.O. Box 2980<br>
      Colorado Springs, CO 80901

Plaintiff(s):   HENRIETTA RUTH KOSLEY

v.

Defendant(s): WALGREEN CO. AND JOHN DOE, A LICENSED PHARMACIST

</td><td>

**↘ COURT USE ONLY ↙**

</td></tr>
</table>

| Attorney or Party Without Attorney (Name and Address):<br>Glenn S. Pressman, P.C.<br>Melat, Pressman & Higbie, LLP<br>711 South Tejon Street<br>Colorado Springs, CO 80903<br>Phone Number: (719) 475-0304<br>FAX Number: (719) 475-0242  Atty. Reg. #: 11585 | Case Number: 2015CV033746<br><br><br>Division: 3          Courtroom: S406 |
|---|---|

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

☐  This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

- The case is filed within the period of January 1, 2012 through June 30, 2015; *AND*

- The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

- The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

✔  This case is not governed by the Colorado Civil Access Pilot Project Rules.

*NOTE: Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02 (available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3. **If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**

This case is governed by C.R.C.P. 16.1 because:

- The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

✔ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

✔ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

*NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

4. ✔ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date:  12\30\15

Glenn S. Pressman, P.C.
Attorney for Plaintiff

*(1:32 pm 1/5/16)*
*(Checkmark signature)*

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Court Address: Clerk of Court<br>El Paso County<br>P.O. Box 2980<br>Colorado Springs, CO 80901 | ▲COURT USE ONLY▲ |
| Plaintiff: HENRIETTA RUTH KOSLEY<br><br>v.<br><br>Defendants: WALGREEN CO. and JOHN DOE, A<br>LICENSED PHARMACIST | CASE NUMBER: 2015CV033746<br><br>DIVISION: 3<br><br>COURTROOM: S406 |
| Plaintiff's Attorney:<br>Glenn S. Pressman, P.C. #11585<br>Melat, Pressman & Higbie, LLP<br>711 South Tejon Street, Colorado Springs, CO 80903<br>(719) 475-0304; fax: (719) 475-0242 | |
| DISTRICT COURT CIVIL SUMMONS | |

**THE PEOPLE OF THE STATE OF COLORADO**

**TO THE DEFENDANT ABOVE NAMED:** Walgreen Co, Prentice-Hall Corp. System, Inc., Registered Agent, 1560 Broadway, Suite 2090, Denver, CO 80202

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within twenty-one (21) days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within thirty-five (35) days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

DATE: _____1/4/16_____                    _____
                                          Glenn S. Pressman, P.C.

This summons is issued pursuant to Rule 4, C.R.C.P., as amended.  A copy of the Complaint must be served with this summons.  This form should not be used where service by publication is desired.

## RETURN OF SERVICE

STATE OF COLORADO )
                      )ss.
COUNTY OF EL PASO )

       I declare under oath that I served this Summons and a copy of the Complaint and Answer form in this case on the defendant in _____ County, Colorado, on _____ at _____ ___.m., at the following location: _____

__ by handing it to a person identified to me as the defendant.
__ by leaving it with the defendant who refused service.
__ by leaving it with _____, designated to receive service for the defendant.
__ I am over the age of 18 years and am not interested in nor a party to this case.
__ I attempted to serve the defendant on _____ occasions but have not been able to locate the defendant.  Return to
      the plaintiff is made on _____.

Signed under oath before me on:_____

_____          _____

_____          Name                      Date
Notary Public                     ____Private process server

Expiration date: _____         ____Sheriff _____   County

                                   _____

        SEAL               Fee:$_____            Mileage: $_____

| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Court Address:<br>270 S. Tejon, Colorado Springs, CO, 80901<br><br>**Plaintiff(s)** HENRIETTA RUTH KOSLEY<br>v.<br>**Defendant(s)** WALGREEN CO | DATE FILED: January 29, 2016 11:17 AM<br>CASE NUMBER: 2015CV33746 |
|---|---|
| | △ **COURT USE ONLY** △ |
| | Case Number: 2015CV33746<br>Division: 3          Courtroom: |
| **ORDER RE: Unopposed Motion for Enlargement of Time to Respond to Plaintiff Complaint** | |

The proposed order is hereto: SO ORDERED.

THIS MATTER having come before the Court on Defendant's Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint and the Court being fully advised in the premises,

DOTH ORDER, ADJUDGE AND DECREE that Defendant's motion is granted and Defendant has until and including February 5, 2016, to file its responsive pleading to Plaintiff's Complaint.

Issue Date: 1/29/2016

THOMAS KELLY KANE
District Court Judge