IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-CV-00260-KMT

HENRIETTA RUTH KOSLEY,

    Plaintiff,

v.

WALGREEN COMPANY AND ~~JOHN DOE~~, WILLIAM ERVIN BUDNEY, A LICENSED PHARMACIST

Defendant.

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Henrietta Ruth Kosley, by and through her attorneys, the Law Firm of MELAT, PRESSMAN & HIGBIE, LLP, and for her claims against the Defendants state and allege as follows:

1. Defendant, Walgreen Co. is an Illinois corporation located at 200 Wilmot Road Deerfield Hills, IL 60015, that operates Walgreens Pharmacies in Colorado. Its registered agent for service is Prentice-Hall Corp. System, Inc., 1560 Broadway, Suite 2090, Denver, CO 80202.

2. At all times pertinent hereto, Defendant Walgreen Co. was licensed by the state of Colorado as a prescription drug outlet-in-state.

3. Defendant, ~~John Doe~~, William Ervin Budney, is ~~an unidentified~~, a Colorado licensed pharmacist, employed by Defendant, Walgreens Co. at Walgreens Pharmacy, 2921 North Nevada Avenue, Colorado Springs, CO on or about January 22, 2014, who had legal responsibility to correctly fill and dispense Ms. Kosley's prescription for Prednisone.

1

<u>Mr. Budney is a citizen of Colorado with a residential address of 6085 Gambler Place, Colorado Springs, CO 80908.</u>

4. At all times pertinent hereto, Plaintiff, Henrietta Ruth Kosley was a resident of Colorado who filled her prescriptions at Walgreens Pharmacy located at 2921 North Nevada, Colorado Springs, Colorado 80907.

5. In 2012, Ms. Kosley was diagnosed with ulcerative colitis.

6. In January 2014, Ms. Kosley suffered a flare of her ulcerative colitis.

7. On January 22, 2014, Ms. Kosley's doctor ordered Prednisone to treat the ulcerative colitis.

8. The prescription for Prednisone was filled at Walgreens Pharmacy and dispensed to Ms. Kosley on our about January 22, 2014.

9. Ms. Kosley began taking the medication, that she believed was Prednisone, but her ulcerative colitis continued to worsen.

10. On March 6, 2014, Ms. Kosley's doctor performed a colonoscopy at which time the doctor incorrectly believed that Ms. Kosley had been taking Prednisone as prescribed.

11. In March of 2014, Ms. Kosley's family became suspicious that the medication that was dispensed to her on or about January 22, 2014 was not Prednisone.

12. Ms. Kosley's son took the vial of medication back to Walgreens Pharmacy. A

pharmacist looked at the medication and verified that it was not Prednisone, even though the vial was labeled as Prednisone.

13. Upon information and belief, Walgreens Pharmacy had incorrectly filled Ms. Kosley's Prednisone prescription with triamterene-hydrochlorothiazide, a diuretic.

14. As a direct and proximate result of not taking the Prednisone, as prescribed, Ms. Kosley's ulcerative colitis worsened.

15. Ms. Kosley's doctor gave her a new prescription for Prednisone on or about March 6, 2014, but it was no longer effective in treating the ulcerative colitis.

16. Over the next several months, Ms. Kosley's condition continued to worsen. She suffered from multiple loose stools, bleeding and weight loss. In August of 2014, Ms. Kosley was diagnosed with severe colitis and hospitalized.

17. Since the August 2014 hospitalization, Ms. Kosley has tried several types of biologics to control the ulcerative colitis with only moderate success. It is difficult for her to go out in public because she cannot control her bowels.

18. Defendant Walgreen Co. employed pharmacists and technicians to fill and dispense customers' prescriptions for medications.

19. Defendant, Walgreen Co. is vicariously liable for the negligence of its employees.

20. Upon information and belief, Walgreen Co. employees placed the wrong medication into the vial and dispensed the wrong medication to Ms. Kosley on our about January 22, 2014.

21. Upon information and belief the negligent filling and dispensing of Ms. Kosley's prescription resulted, in part, from Defendant Walgreen Co.'s failure to adequately staff the pharmacy and ensure that policies for the safety of its customers were in place and followed by its employees.

22. Upon information and belief, Walgreen Co.'s staffing procedures and policies were in place to maximize profit rather than customer safety.

23. That at all times pertinent hereto, Walgreen Co. employed ~~John Doe~~, <u>William Ervin Budney</u>, a licensed pharmacist to supervise the filling and dispensing of prescriptions.

24. A prescription drug outlet must be under the direct charge of a pharmacist manager pursuant to section 12-42.5-116 (1)(a), C.R.S. The pharmacy manager had responsibility to manage and supervise the pharmacy.

25. The pharmacist, ~~John Doe~~ <u>William Ervin Budney</u> is responsible for the final check on prescriptions filled by pharmacy technicians or interns as required by section 12-42.5-119, C.R.S.

26. An error occurred during the filling of Ms. Kosley's prescription because the wrong pills were placed in Ms. Kosley's pill vial.

27. Upon information and belief, the prescription was filled by a Walgreen Co. employee.

28. The pharmacist, ~~John Doe~~, <u>William Ervin Budney</u>, did not properly perform a final check on the prescription and allowed the wrong medication to be dispensed to Ms. Kosley.

4

29. Walgreen Co.'s pharmacist, ~~John Doe~~, <ins>William Ervin Budney</ins>, had a duty to verify that the correct prescription was filled and sign-off on the prescription pursuant to 3 CCR 719-1:3.00.50(b).

30. The Walgreen Co.'s pharmacist, ~~John Doe~~, <ins>William Ervin Budney</ins>, failed to perform this duty or did it in a negligent manner because the wrong pills were dispensed to Ms. Kosley.

31. Further, any drug dispensed pursuant to a prescription order must bare a label attached to the medicine container with the name of the drug dispensed pursuant to section 12-42.5-121, C.R.S. and 3CCR 719-1:3.00.30.

32. The label on the pill vial dispensed to Ms. Kosley did not properly identify the drug in the vial.

33. It is unlawful to dispense any drug without complying with the labeling, drug identification and container requirements imposed by law pursuant to section 12-42.5-126(1), C.R.S. and said unlawful conduct is negligence per se.

34. The misfilling of Plaintiff's prescription, in the manner described herein, ordinarily would not have occurred in the absence of negligence by Defendant and its employees, thereby raising a presumption of negligence under the doctrine of *res ipsa loquitur*.

35. Walgreen Co.'s pharmacist, ~~John Doe~~, <ins>William Ervin Budney</ins>, was negligent in that he and/or employees he supervised performed acts that reasonably careful pharmacists would not do and or failed to do acts that reasonably careful pharmacists would do.

36. Walgreen Co.'s pharmacist's action or inactions also constitute unprofessional

conduct pursuant to section 12-42.5-123(1) and 3CCR 719-1:1.00.11.

37. That as a direct and proximate result of Walgreen Co. pharmacist, ~~John Doe's~~ William Ervin Budney's negligence, Plaintiff suffered the injuries and damages alleged herein.

38. That as a direct and proximate result of Defendant Walgreen Co.'s direct and vicarious negligence, Plaintiff suffered the injuries and damages alleged herein.

39. That as a direct and proximate result of Defendants' negligence, Ms. Kosley has incurred medical expenses and will continue to incur medical expenses in the future.

40. That as a direct and proximate result of Defendants' negligence, Ms. Kosley has suffered non-economic damages including physical and mental pain, suffering, physical impairment and impairment to the quality of her life.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

    A.    For non-economic damages in an amount to be proved at trial;

    B.    For economic damages in an amount to be proved at trial;

    C.    For physical impairment damages in an amount to be proved at trial; and

    D.    For costs and interest as provided by law.

Plaintiff requests a trial by jury of all issues.

Respectfully submitted this 16th day of February, 2016.

MELAT, PRESSMAN & HIGBIE, LLP

*Original signature on file at the
Office of Melat, Pressman & Higbie, LLP*

Glenn S. Pressman, P.C.
Attorney for the Plaintiff

Plaintiff's address:

Henrietta Ruth Kosley
2829 Jon Street
Colorado Springs, CO 80907