IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–00260–KMT

HENRIETTA RUTH KOSLEY,

    Plaintiff,

v.

WALGREEN CO., and
WILLIAM ERVIN BUDNEY, a licensed pharmacist,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion to Remand to State Court." (Doc. No. 16 ["Mot."], filed February 26, 2016.)

On December 3, 2015, Plaintiff filed a Complaint and demand for jury trial in El Paso County District Court. (Doc. No. 1-1 ("Comp.") at 1.) Plaintiff's complaint alleged that Plaintiff was a resident of Colorado, Defendant Walgreen Co. was an Illinois corporation, and Defendant John Doe was an unidentified, licensed pharmacist employed in Colorado Springs, Colorado by Defendant Walgreen Co. (*Id.* at 1-2.) On February 3, 2016, Defendant Walgreen Co. filed a Notice of Removal, claiming this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 1.)

On February 16, 2016, Plaintiff sought and was granted leave to amend her Complaint in order to substitute William Ervin Budney for the previously named John Doe Defendant. (Doc. Nos. 10, 11)  Defendant Budney is a citizen of Colorado. (Doc. No. 12 at 1-2.)  As a result, Plaintiff requests the court remand this case back to the El Paso County District Court based on her contention that this court now lacks subject matter jurisdiction because there is not complete diversity of citizenship.  (Mot. at 1-2.) Defendant Walgreen Co. advised that it takes no position on Plaintiff's request.  (*Id.* at 1.)

"Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Under the federal removal statutes, the presence of "John Doe" defendants at the commencement of an action creates no impediment to removal.  *See* 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234–35 (10th Cir. 2006) (same).  Thus, the diversity of citizenship between Plaintiff and Defendant Walgreen Co. was sufficient to support the statutory diversity requirement at the time of removal.

However, with the substitution of Defendant Budney for Defendant John Doe, complete diversity no longer exists.  "[I]f a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail*, 529 F.3d at 951.  28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Accordingly, it is

**ORDERED** that "Plaintiff's Motion to Remand to State Court" is **GRANTED.** This case is **REMANDED** to the District Court, El Paso County, Colorado, where it was filed as Case No. 2015CV033748.

Dated this 1st day of March, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge